Jones v. Clark.

---

JOHN JONES v. BENJAMIN G. CLARK, RECEIVER.

1. The plaintiff's case is based upon the assumption and averment in the declaration that the defendant has duly exercised the privileges granted to him, the *gravamen* of the complaint being that for the exercise of those privileges the defendant has not given the plaintiff the remuneration stipulated for in the covenant of his deed; the action must, therefore, be in covenant.

2. Where suit is instituted to recover damages on a contract under seal, or to enforce the payment of compensation for the exercise of privileges granted by deed, the *gravamen* being that the defendant has not performed the duties required of him by the sealed instrument, the rule is inflexible that the action must be covenant and not case.

In case. On demurrer to declaration.

Argued at June Term, 1883, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *W. H. Morrow.*

For the defendant, *Flavel McGee.*

The opinion of the court was delivered by

VAN SYCKEL, J. The declaration sets out a conveyance of certain lands and premises therein described, by William P. Robeson and J. P. B. Maxwell to one Edward Harrison, the said conveyance reserving to the grantors, their heirs and as-

signs, "all mines and minerals in and upon the lands conveyed, with all rights necessary and proper for the discovery and full and free use and enjoyment of the same, they, the grantors, their heirs and assigns, paying to the said Edward Harrison, his heirs and assigns, a fair compensation for such portions of the land as they might occupy or use in the use and enjoyment of the said reservation, and for such other actual damage as they might occasion thereby."

It then recites conveyances vesting the title of Harrison in the plaintiff, subject to said reservations, and also the conveyance of "the reserved mines, and all and singular the rights and reservations of mines and minerals, and mode of obtaining the same, as held or reserved by the said original grantors," to the Oxford Iron Company.

All these conveyances are declared to be under seal.

After setting forth the insolvency of the said Oxford Iron Company, and the appointment of the defendant as receiver thereof by the Chancellor, the declaration avers "that the defendant receiver, under and by virtue of the power and authority to him given by the Court of Chancery of New Jersey, entered into and upon the lands and premises so conveyed to the plaintiff, and explored and mined on said lands, for the purpose of taking minerals and ores therefrom, and sunk shafts and took therefrom ores, and threw them on and over the surface of the ground, and left them where thrown, and digged holes in the ground for foundations for engines and boilers, and built foundations and erected derricks and other structures on said premises, and undermined the ground with tunnels and drifts, and other damage then and there did to the plaintiff in and about the using and enjoying the said reservation."

Then the breach is assigned, as follows:

"Yet the said defendant did not and would not pay, nor hath he as yet paid to the said plaintiff a fair compensation for such portions of the said land as he hath occupied and used as aforesaid, in the use and enjoyment of the said reservation,

nor for the said other actual damages as he hath occasioned thereby."

To this declaration the defendant has demurred, on the ground that covenant and not case is the proper form of action.

It will be observed that the declaration does not charge that the defendant has done any act upon the *locus in quo* in excess of the authority which he derived through the conveyances of the mineral rights. That he might become a tort-feasor by attempting to exercise any right upon the premises which is not within the terms of his grant, will not be questioned.

An action on the case would lie by the owner of the fee against the grantee of the mineral right, for the exercise by the latter of his privileges in such negligent manner that the freehold was unnecessarily injured. Likewise an action on the case would be the appropriate remedy for injury resulting from any act of the owner of the fee, the consequence of which was to depreciate the value of the mineral deposits.

This action rests upon an entirely different basis.

The wrongful act imputed to the defendant, in its entire scope, is " the refusal to pay the plaintiff a fair compensation for such portion of the land as he hath used and occupied in the use and enjoyment of the said reservation, and other actual damages he hath occasioned thereby."

The plaintiff proceeds upon the assumption and averment that the defendant has duly exercised the privileges granted to him, the *gravamen* of the complaint being that for the exercise of those privileges the defendant has not given to the plaintiff the remuneration stipulated for in the covenant of his deed.

The defendant stands in the place of the plaintiff's grantors, bound by their covenant to pay a fair compensation. In this situation, covenant is the only action that will lie.

In *Burnett* v. *Lynch*, 5 *Barn. & Cress.* 589, relied upon to support this declaration, the assignment of the lease was by deed-poll, so that the assignee entered into no covenant. It appeared in that case that one Meyrick had, by deed, granted

to Robert Burnett a leasehold estate in certain lands, the said Burnett covenanting to pay rent, and perform other covenants contained in said lease. Burnett's executors afterwards, by deed-poll, assigned his unexpired term to the defendant. By the terms of the assignment the defendant was to hold subject not only to the payment of the rent, but also to the performance of the covenants.

The defendant having failed to perform the covenants, Meyrick instituted his suit against Burnett's executors, and recovered judgment for breaches of covenant.

Thereupon the said executors, to reimburse themselves, brought an action on the case against Lynch.

The question was, whether an action on the case would lie.

Chief Justice Abbott held that Lynch had entered into no covenant, and therefore an action of covenant would not lie.

The action was maintained expressly on the ground that by the acceptance by Lynch of the assignment of the lease, a duty was cast upon him to pay the rent and perform the covenants, and for the breach of that duty an action on the case was declared to be the appropriate remedy.

*Kinlyside* v. *Thornton*, 2 *Wm. Bl.* 1111, cited as authority to show that case will lie as well as covenant, was an action in the nature of waste, brought by the lessor against a tenant for years after the expiration of his term, for breach of covenants contained in the lease.

The foundation of that action was that the lessor was injured in his reversionary interest in the lands.

The Chief Justice, in deciding the case, put it upon this distinction, saying that "the tenant for years had committed waste. Had there been no deed of covenant, the action on the case, in the nature of waste, would have lain. Because the landlord, by special covenant, acquires a new remedy, does he therefore lose his old?"

The principal case is not for the recovery of damages for injury to the reversion, but for compensation under the terms of the express undertaking under seal.

*Muskett* v. *Hill*, 5 *Bing. N. C.* 693, was an action on the

case for the obstruction of the plaintiff in the enjoyment of his right to work certain mines.

The plaintiff derived his right to the mines by deed from the grantee of the defendants. The defendants refused to allow the plaintiff to enter upon the lands to work the mines, which constituted the injury complained of.

Tindall, Chief Justice, said that the plaintiff, by the assignment to him, acquired an interest in lands, and that the refusal of the defendant to allow him to enter for the enjoyment of his estate was a tort for which case would lie.

The plaintiff did not seek to recover damages for breach of contract; his case rested upon the fact that he had, by force of his deed, an estate in lands, of the use of which he had been deprived by the tortious interference of the defendant.

The distinction is obvious, and runs through all the cases.

Where suit is instituted to recover damages on a contract under seal, or to enforce the payment of compensation for the exercise of privileges granted by deed, the *gravamen* being that the defendant has not performed the duties required of him by the sealed instrument, the rule is inflexible that the action must be covenant and not case.

The demurrer is well taken.